IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| QUENTIN R. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 2:17-cv-02724-TLP-tmp |
| v. | ) |
| | ) |
| ANTHONY ALEXANDER, INTERIM | ) |
| DIRECTOR OF THE SHELBY COUNTY | ) |
| DIVISION OF CORRECTIONS, | ) |
| | ) |
| Respondent. | ) |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITION UNDER 28 U.S.C. § 2241, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Respondent moves to dismiss Plaintiff's habeas petition arguing that Petitioner is no longer in custody and the habeas petition is thus moot. (ECF 18.) Petitioner failed to respond and mail sent to him by the Court has been returned as undeliverable. (*See* ECF No. 19.) For the reasons below, the Court GRANTS Respondent's Motion to Dismiss.

### BACKGROUND

Petitioner Quentin R. Johnson filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 while he was incarcerated at the Shelby County Detention Center in Bartlett, Tennessee ("Jail"). (ECF No. 1.) He requested to be extradited on his federal detainer so that he could begin serving his federal sentence. (*Id*. at PageID 2.) Petitioner also asked the Court to order that his federal sentence run concurrent with his state sentence. (*Id*. at PageID 7.) The Court later ordered Respondent to answer the § 2241 Petition. (ECF No. 14.)

Thereafter, the Court became aware that Petitioner was released from state custody on August 13, 2018, and he was transferred to the United States Penitentiary in Atlanta, Georgia ("USP Atlanta").[1] Plaintiff did not inform the Court of his transfer. As such, the Court ordered Petitioner provide any future change of address and warned him that failure to advise the court of his address change could result in his case being dismissed without additional notice. (ECF No. 16.) The docket was updated to reflect Petitioner's new address. (*Id*.) Nevertheless, this order was later returned as undeliverable to Petitioner at USP Atlanta. (ECF No. 19.)

Respondent now moves to dismiss the § 2241 petition arguing that the Court is without jurisdiction because Petitioner is no longer in state custody. (ECF No. 18.)

## **ANALYSIS**

Federal courts do not possess unlimited authority to hear cases. Article III of the Constitution limits the authority of federal courts to decide only those matters presenting an actual "Case" or "Controversy." *Hollingsworth v. Perry*, 570 U.S. 693 (2013) (citing U.S. Const., art. III, § 2). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011). "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458

---

[1] The Federal Bureau of Prisons website indicates that Petitioner, Bureau of Prisons Register No. 23552-076, is incarcerated at USP Atlanta and is scheduled to be released on December 3, 2019. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last accessed Apr. 25, 2019).

2

(6th Cir. 2004) ("Under the 'case or controversy' requirement, we lack authority to issue a decision that does not affect the rights of the litigants."). The mootness question turns on whether a federal court can afford a litigant any "effectual relief." *Coal. for Gov't Procurement*, 365 F.3d at 458.

Petitioner here has now been released from state custody and is now serving his federal sentence. His request to be extradited on his federal detainer is thus moot. Also, Respondent did not implement Plaintiff's federal sentence nor is he able to change Petitioner's federal sentence to have it run concurrent with his state sentence. Thus, Petitioner's injury can neither be traced to Respondent nor can it be redressed by a favorable decision. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, (1998). As such, Petitioner has no standing to bring this claim.

The Court thus GRANTS the Motion to Dismiss.

## **APPELLATE ISSUES**

Federal prisoners who file petitions under 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. U.S. Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the

petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first move in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). But Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

The Court determines that any appeal would not be taken in good faith for the same reasons that the § 2241 Petition is denied. This Court therefore CERTIFIES that any appeal would not be taken in good faith. Leave to appeal in forma pauperis is DENIED. If Petitioner wishes to appeal, he is now on notice that he must pay the $505 appellate filing fee in full or move to proceed in forma pauperis on appeal with the Sixth Circuit Court of Appeals. *See* Fed. R. App. P. 24(a)(5).

## **CONCLUSION**

For these reasons, the Court GRANTS Respondent's Motion to Dismiss and DENIES Petitioner's § 2241 Petition. The Court also CERTIFIES that any appeal would not be taken in good faith. Petitioner is, therefore, DENIED leave to proceed in forma pauperis on appeal.

**SO ORDERED**, this 14th day of May, 2019.

       s/Thomas L. Parker
       THOMAS L. PARKER
       UNITED STATES DISTRICT JUDGE